Good morning and may it please the court. My name is Christina Hellman and I represent the petitioner Donavan Fortin. I see that I have about two minutes of my time pre-reserved for a rebuttal today. When Mr. Fortin learned of new evidence in the middle of his habeas corpus case that suggested prosecutorial misconduct and his actual innocence, he did what the law requires and what everyone wants petitioners to do. He stayed the federal case and he returned to state court to give the Oregon courts the first opportunity to hear those claims. Unfortunately for Mr. Fortin, this time following the rules did not help him. At the conclusion of all of the proceedings in state court, the state court unexpectedly found that actual innocence and prosecutorial misconduct were not claims for relief in post conviction. Counsel, I just have a hard time reading the state court decision the way you do. I read it as saying even if the allegations are true, it's not enough for a successful claim. Not that such a claim doesn't exist in the abstract, but that he doesn't have a valid claim. And it's just plainly not true that there's no such basis under state law. So I guess I just have a hard time following the logic of your argument. Is this, Your Honor, are you referring to the prosecutorial misconduct claim? Yes. Okay. So not the actual innocence claim? Right. Okay. So then, Your Honor, I think that yes, we do read the record differently because as I read it when the state court said wouldn't be a basis for PCR even if proven. Well, let's assume for a moment that that's what the court meant, the way you construe it. I don't construe it the way you do either. But you've got Oregon revised statutes 138.5301A and also the case of Berg v. Newth that make it clear your client did have a remedy under state law. So even if the court was mistaken, your client had the remedy. How do you respond to that? I would go back to something that usually hurts petitioners, and that's the fact that in this particular case, if we're assuming it's true that they said he doesn't have a remedy, then it's not the province of a federal court to revisit questions of Oregon state law. And so even if then this particular post-conviction court has ruled incorrectly, that's not, once we're back in federal court, the federal court is required to defer to a state court's ruling on state law. But if, I'm sorry, continue. With respect, we interfere with state court rulings all the time. People ask us to do that all the time, and to the degree they interfere with constitutional rights, that is our province. And in this particular case, your client is saying that he was denied a federal constitutional right because he was denied a post-conviction proceeding under state law. We then look at Oregon state law, both case law and statutory law, and it says exactly the opposite of the way you construe what the court said. And even if you look at what the court said, it can be construed in the broader context that, looking at these facts, there's no remedy. It doesn't necessarily mean that there was no right to a post-conviction hearing. Isn't that correct? No, Your Honor, I respectfully disagree, and I think it's because we read the that even when state courts are clearly wrong, as jurists would find them under state law, the federal court does not, in federal habeas cases, does not interfere and second-guess state court. And that's a clearly established Supreme Court principle stemming from a... I'm sorry, finish your thing. Oh, from Estelle v. McGuire that says, once the state court says what state law is, the federal court is left with that ruling on state law. However, if we are going to have this disagreement, then I would move on to two other points, but Judge Graber, you had a question. I do, I do, because that paragraph starts by saying there's no proof of prosecutorial misconduct. So the court looked at it on the merits and found against you, and we owe deference to that finding as well. And so the primary holding of the state court was there was no proof of prosecutorial misconduct in the first place. So I guess I just don't see how you get past that first sentence of the paragraph, which says, I've looked at this on the merits and there are none. And my position on that, Your Honor, is that that is dicta, because the court was... No, no, the parenthetical in the end, literally a parenthetical, is, if anything, dictum, because it starts by saying there's no proof of misconduct and then extensively explains that about what the discussion with the complaining witness was and so forth. So if this Court is inclined to then find that there was an available remedy for prosecutorial misconduct, then, and is inclined to reject my position that in this case you're required to defer to, even though it's an erroneous fact finding here, or legal conclusion, excuse me, then the position remains, my position remains the same that, the alternate position, that Mr. Fortin could excuse any procedural default based on a showing of actual innocence under the Schlupp gateway. Okay, let's take that then. Let's get to Schlupp. Okay. And I really struggle with this because, of course, under Schlupp you have to show that there's no, more likely than not, that there would be no reasonable juror that would convict your client. Given the facts of this case and given the rather meager new evidence that you put in, all of which was known before, how can you make the statement that there's no way that a reasonable juror could have convicted him? I think I'm taking a pause because there's two points that I would want to make. First is that the showing that we proffered based on the evidence that is currently in the record is an arguable Schlupp gateway. We have conflicting statements by SD. We have evidence in the record that supports the idea that she did recant for a legitimate reason, not because she was threatened, but because she wanted to make amends. We have evidence that the detective did record a date accurately and then was later pressured by the prosecutor. Well, take all of that. All of that's true. The reality is each thing that's proffered is itself contradicted by something else in the record. Much of this, perhaps all of it, was already known. This is not new evidence in my account. The fact is, I just don't see how you bear the burden to show that no, no, not a single juror would convict your client. I mean, this is, it's basically like a gnat on the tail of an elephant compared to the elephant, I mean, the elephant in totality. All of the evidence involved of the crime, what happened and so on. This is a tiny little piece of it. Don't you agree? No, I don't agree. And I'd like to go back to the first point that you made, Your Honor, where you said you don't believe that it's new evidence. A different spin on the same evidence that was known, I get that. But that they were aware of it, of what had been said, and it had been contradicted, that's what I'm saying. But the trial jury, Your Honor, never heard the recantation, never heard the real explain that he was pressured by SD and the prosecutor to change that date. But, counsel, the recantation was recanted too. So, and some of the things that were said in the alleged recantation are legally incorrect. I mean, SD says, well, I consented to having sex, but she was 12 years old and legally incapable of consenting. So, I'm not really sure that the recantation, even if it hadn't been recanted, would get your client very far. Your Honor, I have to admit that that's problematic. Having a retracted recantation in the record is problematic. And we have reasons that are in dispute about why the recantation was made and why it was retracted. And that kind of goes to the last point that I would like to wrap up before I do reserve about a minute, is that because, going back to our first point, because the state court said that actual innocence is not a grounds for post-conviction relief, and that is a categorical finding, that Mr. Forden is entitled to a hearing in federal court on that issue. Except that we review that for abuse of discretion. And all of the, basically all of the relevant evidence is there, the deposition testimony, the recantation, all of that is already in the record. And given that, it's hard to see what, how the additional things that you had sought to do could possibly make any difference. And I have three responses to that. First is that an evidentiary hearing would give a federal judge an opportunity to have live testimony to view the opportunity for cross-examination, which never occurred because of, in the depositions, there's no opportunity to cross-examine. And third, it would offer an opportunity for Mr. Forden's ex-wife and sister to testify about, and in response to, SD's allegations of threats. And so that would be new and more probative evidence that would further support the Schlipp Gateway in this case. Thank you. We had a lot of questions, so you may have a minute for about all of them. Thank you very much, Your Honor. May it please the Court. I'm Rolf Mohn from the Oregon Department of Justice. This Court should affirm, in part, the District Court ruled correctly by concluding that procedural default principles precluded it from addressing the merits of Petitioner's claim. So Petitioner did present a different prosecutorial misconduct claim to the state post-conviction court, and even though Oregon law, nothing in Oregon law, either then or now, would have prevented a state court from addressing the merits of such a claim, Petitioner did not present the claim at issue to the state courts. Counsel, let me ask you this. Opposing counsel has stated several times that she believes these words, but wouldn't be a basis for PCS even if proven. Somehow is the statement of law by the court and that we can't review it and it binds the court. Would you like to comment on that? Sure. I disagree with opposing counsel's view both of the meaning of the statement in terms of what the post-conviction court's intent was. I also disagree with the proposition that if that constituted a statement about the availability of post-conviction relief for a claim like that, that it would be binding on this court. Let me first talk about what seems to me the much more likely meaning behind the statement that Petitioner is relying on. At ER 32 in the state court findings, it never made a blanket declaration that prosecutorial misconduct cannot be the basis for post-conviction relief in Oregon. Instead, it first stated that Petitioner had presented no proof that the prosecutor tried to get the victim to change her story or add anything untrue at trial. It then said, but wouldn't be a basis for PCR even if proven. I think in context, that means that even if Petitioner had proved that the prosecutor tried to influence the victim's testimony, Petitioner then failed to prove that the prosecutor had improperly tried to influence the victim's testimony at trial. That is, you see it as referring to the immediately preceding sentence, as if it were attached to the preceding sentence, essentially. Correct. And if you look later at ER 32, what the post-conviction court also said was that Petitioner, quote, Petitioner has proven inconsistent statements but not perjury, unquote, which supports the conclusion that the post-conviction court overall was saying that even if the prosecutor had improperly tried to influence the victim's testimony, there's no proof that that had any effect on the victim's ultimate testimony at the criminal trial. I read it the same way, but let's take for a moment the statement by opposing counsel. If I understood her correctly, she said that if what I read a minute ago from the trial court was in fact the post-conviction court had been addressing the prosecutorial misconduct claim that Petitioner is now trying to advance, and if it was not only the state post-conviction trial court but then the Oregon Court of Appeals and the Oregon Supreme Court that had a chance   to pass on that same question in this case. But at most... So the trial court itself, even if it were as counsel's suggested is, there would be no, that's not a final declaration of Oregon law that we can't try to construe what was meant, right? Correct. Correct. I think the other important principle here is that at the time Petitioner filed his post-conviction petition, there was certainly nothing in Oregon law suggesting that the merits of a prosecutorial misconduct claim could not be addressed by a state post-conviction court. And so what Petitioner needed to do was present this claim to the state post-conviction court, and if the post-conviction trial court ruled that such a claim could not provide a basis for relief as a matter of state law, Petitioner then could have appealed to the Oregon Court of Appeals. Is that required, though? I mean, when we look at the last reasoned state court decision, do we require that it go up to the Supreme Court? Let's suppose that the state post-conviction court said, well, you didn't get a jury trial, but we don't have juries in Oregon, and for some reason there was no appeal. Are we bound by that as the last reasoned or even if unreasonable statement of law? To be honest, I'm not sure if you are not in the context of a claim that's actually presented to a state court. Right. I understand that your main argument is he presented a different claim, and so it just, you know, it's not here for that reason. I understand that, but I guess I'm a little troubled by this idea that you'd have to go all the way to the Supreme Court to have a state court ruling. Well, and like I said, I'm not absolutely sure if that's the rule when you are dealing with a claim that was squarely presented. But certainly in a case in which you could have presented a claim but didn't, and you're now trying to rely on a state court comment with respect to a claim that you actually presented, but that is no longer at issue in the federal habeas case. Are you aware of any authority either in the state of Oregon or in the federal court that suggests that what the trial judge did here could be construed under any circumstances as the, in quotes, last reasoned opinion of the state court? Certainly not, given the factual context in which the post-conviction court statements were made. And certainly, I mean, there's no dispute at this point about whether Petitioner presented the prosecutorial claim at issue to the state court. Everyone agrees he did not. Would you move to the question about an evidentiary hearing on the claim of actual innocence and why, in your view, that's not an abuse of discretion? The shortest, easiest answer, Your Honor, is that even if an evidentiary hearing had been held, and even if Petitioner had presented the type of additional testimony or evidence that he's saying now he would like to present, that wouldn't enable him to satisfy the actual innocence standard. Because at this point, given what's already in the record, otherwise, no matter what came out of an evidentiary hearing, a reasonable juror looking at all of the information still could find Petitioner guilty. And that's because the record already contains evidence that the victim at the criminal trial testified that Petitioner raped her twice forcibly. It contains her testimony at deposition in the post-conviction case, that her trial testimony was accurate and was the truth. The record already contains a reason that a — or a basis for a reasonable juror to rely on to determine that any later inconsistent statements by the victim were simply the result of pressure that Petitioner's family brought to bear on her in the eight years after the criminal trial. Counsel, what — in the context of Schlupp, who bears the burden to show whether a — whether there would be no reasonable juror that would convict? Well, I think the Petitioner essentially bears the burden, because the standard is whether the record shows more likely than not that no reasonable juror could find the Petitioner guilty, which suggests to me it's the Petitioner's burden to present enough information to make that showing. And that simply has not been done in this case. And even additional information presented at an evidentiary hearing could not satisfy that burden here. And Petitioner has also pointed to the post-conviction testimony of Officer Real, but a reasonable juror could easily find that Officer Real's post-conviction testimony was not as reliable as his criminal trial testimony. Officer Real testified at the post-conviction trial nearly a decade after the events at issue, and there was some dispute about whether the victim had identified a particular date to him when she first talked to him before the criminal trial. And at the post-conviction trial, at best, Officer Real ultimately admitted he simply wasn't certain at this point what had been said by the victim and what hadn't. At ER-285, he said, I don't know if I did write down the wrong date or not. At ER-286, he said, I'm not saying that date is right or wrong. I'm saying I don't know. So his post-conviction trial testimony at best was equivocal. And his post-conviction testimony also presents a basis to conclude that his recall overall was suspect because at ER-283 to 284, which is the post-conviction testimony, he testified that he recalled that the victim had testified first at the criminal trial, that the prosecutor then talked to him about his upcoming testimony and that he then testified at the criminal trial. But ER-362 and 363 show that at the criminal trial, it was actually Officer Real who testified first and the victim testified after. So in terms of his recall of the basic chronology of events, he was flatly wrong when he testified at the post-conviction trial. And that's another reason that a reasonable juror could easily find that Officer Real's testimony at the criminal trial was the reliable version of events, which was consistent with the victim's testimony implicating Petitioner in his crimes. And what, if you will, standard of review do we apply as a court of appeal when we're analyzing a schlup claim? I think it presents a question of law whether the record shows more likely than not that no reasonable juror could find guilt. Right. I know that. But what I'm saying is that do we take, from your perspective, do we take the entire record, look at what was presented to the jury and say, here's this alleged new evidence, assuming for a moment that all of that is true, do we believe that there would be no juror that would convict? Is that your understanding of our role? Well, certainly this Court looks not just at the evidence presented at the criminal trial, but at all the information we have now in the record. At the same time, the Court doesn't assume that any particular information is true. Right. I'm just trying to explore the parameters there. Yeah. But I think everything in the record at this point is fair game for the actual innocence analysis. Thank you, counsel. Thank you. Ms. Hillman, you have a minute for rebuttal. Thank you, Your Honors. I would like to point out, first of all, that Mr. Fortin did appeal to the Oregon Court of Appeals and the Oregon Supreme Court on his position that the post-conviction court had found no basis for post-conviction relief on prosecutorial misconduct. Those courts denied, summarily denied. So the opinion that you would review through the look-through presumption is this post-conviction court. During those appeals, what did the Court of Appeals and the Oregon Supreme Court say, if anything, about whether there was a post-conviction, if you will, avenue of appeal that was available to Mr. Fortin? They said nothing. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied Mr. Fortin's petition for review. So we don't know the basis of it then, right? No, but under the controlling Supreme Court precedent, the idea that this court looks back through those silent and unreasoned decisions to... Did the arguments that were made on appeal in that post-conviction proceeding argue that the post-conviction court had made a legal ruling of the sort that  Yes, it did. And then my final point was that in terms of considering an evidentiary hearing, when a petitioner has not been given a full and fair opportunity in state court, the law states that he is entitled to an evidentiary hearing in federal court if he proffers a reasonable basis, a colorable claim for relief, and meets one of the other tests that I cited in the brief under the Nsinghsime case. How do you square that with Penn-Holster? I think, Your Honor, they're asking two different questions. Penn-Holster... Penn-Holster had a lot of new evidence that had a lot of impact on his life. Nobody ever presented it in state court. The Supreme Court said, can't do it. But in Penn-Holster, he had the opportunity because there wasn't the same situation in this case where the state court had said categorically on the actual innocence issue that's not a basis for relief. In Penn-Holster, he had an opportunity for the state court to have granted him relief had he done what he was supposed to do and presented all that evidence. And so... Even though it was an IAC claim? Yes. And the law is developing still in this area, but the question of whether you can have the evidentiary hearing and do factual development remains distinct from whether the federal court can consider that evidence. And so, in sum, we ask the court to remand for an evidentiary hearing. Thank you. Thank you, counsel. The case just argued is submitted, and we appreciate very much the helpful arguments from both sides.
judges: Graber, M. Smith, Korman